UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEVERLY JEAN MOORE,

        Plaintiff,

    v.

SMITH'S FOOD & DRUG CENTERS, INC, *et al.*,

        Defendants.

Case No.: 2:23-cv-01901-GMN-NJK

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO REMAND**

Pending before the Court is the Motion to Dismiss, (ECF No. 3), filed by Defendant Jennifer Caracciolo.  Plaintiff Beverly Moore filed a Response, (ECF No. 9), to which Defendant filed a Reply, (ECF No. 13).  Also before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiff.  Defendant filed a Response, (ECF No. 10), to which Plaintiff replied, (ECF No. 14).  For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion to Remand.

    **I.**    **BACKGROUND**

Plaintiff alleges that Defendant Caracciolo, the on-duty manager of Smith's Food & Drug Centers ("Smith's"), directed a female store clerk to help Plaintiff take her groceries to the car. (Compl. ¶¶ 15–16, ECF No. 1-1).  While exiting Smith's with the assistance of DOE STORE EMPLOYEE, Plaintiff tripped and fell over an "improperly painted and negligently placed speed bump" in the parking lot. (*Id.* ¶¶ 13–16).  Plaintiff "altered her walking path to avoid colliding" with the store clerk and tripped over the speed bump. (*Id.* ¶ 15).  As a result of the fall, Plaintiff suffered serious injuries and required medical treatment. (*Id.* ¶¶ 29–32). According to Plaintiff, Defendants forced her to encounter a dangerous condition by creating and/or allowing a trip hazard to exist on the premises, and Defendant Caracciolo "created,

owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner . . . ." (*Id.* ¶¶ 16–23).

Plaintiff filed a negligence premises liability action in Nevada's Eighth Judicial District Court against Smith's, Manager Caracciolo, and two additional companies who are no longer a party to this suit. (*See id.* ¶¶ 3–35)[1]. The allegations encompass all Defendants, including Defendant Caracciolo as an individual. Defendants removed this action to federal court on the basis of diversity jurisdiction. (Pet. Removal 4:7–28, 5:1–17, ECF No. 1). Defendant Caracciolo, a non-diverse party and Nevada citizen, moves to be dismissed on the grounds that Plaintiff cannot state a plausible claim for individual negligence against her; and thus, she was fraudulently joined. (*Id.* 5:12–17); (Mot. Dismiss 2:16–28, 3:1–8, ECF No. 3). Plaintiff seeks to remand to state court because Defendant Caracciolo's citizenship destroys the Court's diversity jurisdiction. (*See generally* Mot. Remand, ECF No. 7).

II.   **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor

---

[1] Plaintiff does not clearly enumerate the alleged causes of action in her Complaint. However, based on the allegations contained in the Complaint, Plaintiff appears to bring only a negligence claim for premises liability.

of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.*

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted). If the joinder of a non-diverse defendant is deemed fraudulent, the defendant's presence in the lawsuit is ignored for purposes of determining diversity. *Morris*, 236 F.3d at 1067. "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *GranCare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc.*, 494 F.3d at 1206.

### III. DISCUSSION

Plaintiff, a citizen of Nevada, moves to remand this case to state court because Defendant Caracciolo is also a Nevada citizen, destroying diversity. (Mot. Remand 3:25–26, 10:3–9). Defendant Caracciolo argues that she was fraudulently joined in this action and that her citizenship should be ignored for purposes of subject matter jurisdiction. (Mot. Dismiss 4:3–4); (Reply Mot. Dismiss 4:5–24, ECF No. 13). Thus, the dispositive issue implicating the Court's jurisdiction is whether Plaintiff fraudulently joined Defendant Caracciolo to defeat diversity jurisdiction and prevent removal. The Court concludes that Defendant Caracciolo was fraudulently joined because an employer's premises liability cannot be delegated to an employee and the Complaint does not state a cause of action against Caracciolo for an independent duty owed to Plaintiff.

Plaintiff's claims against Defendant Caracciolo are the same as those asserted against all Defendants: negligently maintaining the premises causing Plaintiff to fall. (Compl. ¶¶ 13–35). To prevail on a negligence claim in Nevada, "a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). "Whether a defendant owes a plaintiff a duty of care is a question of law." *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996). Generally, an individual owes no duty to protect others from dangerous conditions unless: "(1) a special relationship exists between the parties or between defendant and the identified victim; and (2) the harm created by the defendant's conduct is foreseeable." *See Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280–81 (Nev. 2009).

There are two common theories under which a plaintiff may allege negligence involving an employer and its employee. One is vicarious liability, while the other is premises liability. This distinction is critical to the Court's fraudulent joinder analysis. If the Court concludes that

the Complaint states an independent negligence claim against Defendant Caracciolo for breaching her own duty of care to Plaintiff, even if Smith's would be vicariously liable, then Defendant has not been fraudulently joined.  However, if the Court finds that the only negligence alleged against Defendant Caracciolo is that she breached *Smith's* duty to maintain the premises, then Plaintiff's theory of recovery is foreclosed by Nevada law and Defendant Caracciolo has been fraudulently joined.

Plaintiff argues that the Court should not dismiss Defendant Caracciolo because (1) Smith's assigned its landowner duties to Defendant Caracciolo to support a premises liability claim, and (2) Plaintiff alleged an independent negligence cause of action against Defendant Caracciolo, even if liability is ultimately imputed to Smith's as her employer.  The Court discusses each argument in turn.

### A. Premises Liability

The parties dispute whether an employee can be held liable under a premises liability cause of action.  Defendant Caracciolo argues that under premises liability, she cannot be held responsible for Smith's negligence because only employers owe landowner duties to third parties, and she owed no independent duty to secure the premises. (Mot. Dismiss 4:16–7:27). Plaintiff contends that Smith's assigned its landowner duties to Defendant Caracciolo by hiring her as store manager. (Resp. Mot. Dismiss 21:4–20, ECF No. 9).  "[A]s the Store Manager, Caracciolo had control of the premises and her duties included ensuring that the premises were kept free from, and/or was guarded against, slipping/tripping hazards." (*Id.* 13:10–15).

Under a theory of premises liability, a plaintiff alleges that the employer is liable for its own negligence in failing to maintain its premises in a safe condition. *See Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001) (explaining that "a party who is in control of the premises is required to take reasonable affirmative steps to aid the party in peril.") (internal quotations omitted).  In this scenario, the employer owes a duty of care to the plaintiff; but the employee,

as the employer's agent, engages in conduct that breaches the employer's duty. *See, e.g., id.*; *Basile v. Union Plaza Hotel & Casino*, 887 P.2d 273, 275 (Nev. 1994). Because the employee's conduct is attributed to the employer's maintenance of the premises, but the employee does not owe an independent duty, the employee is not liable. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 766 (7th Cir. 2009).

Under a theory of premises liability, Defendant Caracciolo cannot be liable for the alleged negligence of her employer, Smith's, in maintaining a safe premises for its patrons. Only an owner or occupier of land owes the public a duty to secure the premises. *Lee*, 22 P.3d at 212–14. The employee-agent may owe its employer-principal a duty to secure the premises, but it owes no such legal duty to third parties. *See Schur*, 577 F.3d at 766. Employers cannot delegate their landowner duties to maintain the premises in a reasonably safe condition to an employee. *Cutler v. Pittsburg Silver Peak Gold Mining Co.*, 116 P. 418, 422 (Nev. 1911) ("The employer cannot delegate this duty [to use ordinary care, diligence, and caution in providing safety] to another and thereby free himself from responsibility.").

The Complaint consistently identifies Defendant Caracciolo as a *store manager* responsible for inspecting, maintaining, managing, and controlling the property, rather than as an individual. (*See* Compl. ¶¶ 3–27) (emphasis added). Plaintiff's allegations that Defendant Caracciolo "fail[ed] to report, remove, and/or fix the unnecessary and improperly placed speed bump" cannot create an independent duty to Plaintiff merely because she was the store manager. (*See id.* ¶¶ 19–27). Accordingly, under settled Nevada law, the Complaint does not state a possible theory of premises liability for recovery against Defendant Caracciolo.

**B. Vicarious Liability**

Plaintiff also claims that she properly alleged an independent negligence cause of action against Defendant Caracciolo, even if liability is ultimately imputed to her employer under vicarious liability. (*See* Resp. Mot. Dismiss, 16:5–24:12). Under a theory of vicarious liability,

a plaintiff alleges that the employer is liable for the negligence of its employee committed in the line and scope of employment. *See McCrosky v. Carson Tahoe Reg'l Med. Ctr.*, 408 P.3d 149, 153 (Nev. 2017).  In this scenario, the employee breaches a duty of care he or she owes to the plaintiff, but the employer is held financially responsible for the employee's negligence. *See Glaster v. Dollar Tree Stores, Inc.*, No. 2:15-cv-00252, 2016 WL 128139, at *3 (D. Nev. Jan. 12, 2016) ("Defendant has not shown that Plaintiff's negligence claim against [the employee] would be rendered invalid by the respondeat superior doctrine . . .  the fact that [the employer] can satisfy a judgment does not affect the facial validity of a negligence claim against [the employee]."); *Patton v. Wal-Mart Stores, Inc.*, No. 2:16-cv-244, 2016 WL 7378989, at *2 (D. Nev. Dec. 19, 2016) (finding that Wal-Mart's employee was not fraudulently joined because Wal-Mart only argued it would be the party paying the judgment, not that Plaintiff failed to state an independent claim against the employee).

The general rule is that vicarious liability does not shield an employee from suit for his own negligence, but it ultimately holds the employer financially responsible; while under a theory of premises liability, an employee cannot be sued for the negligence of his employer. *Compare Patton*, No. 2:16-cv-244 at *2, *with Schur*, 577 F.3d at 766.  Put differently, under a theory of vicarious liability, the employee commits the tort, but the employer is liable for the judgment, whereas, under a theory of premises liability, the employer itself commits the tort through the acts of its employee-agent.

Plaintiff's Response focuses on the possibility of alleging independent negligence claims against Defendant Caracciolo.  The Court agrees that Plaintiff was not precluded from bringing independent causes of action against Defendant Caracciolo, which would be unaffected by her employer's possible vicarious liability.  However, the Court's inquiry is whether the facts as currently alleged support a cause of action, and Plaintiff failed to allege an independent negligence claim against Defendant Caracciolo. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d

1313, 1318–19 (9th Cir. 1998).  Plaintiff does not allege individual acts of negligence by Defendant Caracciolo, other than premises liability, which cannot be imputed to Caracciolo.  In her Response, Plaintiff attempted to clarify the claims alleged against Defendant Caracciolo, including that she failed to carry out policies and procedures, and that she engaged in negligent hiring, training, and supervising. (Resp. Mot. Dismiss 4:8–5:24).  However, the paragraph in Plaintiff's Complaint referenced to support these allegations pertains to the DOES in this case rather than claims against Defendant Caracciolo. (*See id.* 5:1–11, 24:1–10) (citing Compl. ¶ 11). [2]

Based on the allegations in the Complaint, Defendant Caracciolo was fraudulently joined because Plaintiff does not allege a possible theory of recovery against her.  Given that Plaintiff fraudulently joined Defendant Caracciolo, the Court has subject matter jurisdiction over the case and DENIES Plaintiff's Motion to Remand.  The Court dismisses Defendant Caracciolo without prejudice.

**C. Leave to Amend**

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because this is Plaintiff's first

---

[2] The Court previously noted the ambiguity in the causes of action alleged in Plaintiff's Complaint.  From the face of the Complaint, the only claim alleged against Defendant Caracciolo arises out of a theory of premise liability.  As for Defendant Caracciolo directing a store employee to assist Plaintiff with her groceries, even if taken as true, this allegation does not support an independent negligence claim and the conduct was within the course and scope of her employment. (Compl. ¶ 15).

Complaint and it is not clear that Plaintiff will be unable to allege an independent cause of action against Defendant Caracciolo, the Court GRANTS Plaintiff 21 days to file an amended complaint.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Caracciolo's Motion to Dismiss, (ECF No. 3), is **GRANTED.**  The Court grants dismissal of Defendant Caracciolo without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file an amended complaint.  Failure to file an amended complaint by the required date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **DENIED**.

**DATED** this __25__ day of March, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT