MARCUS A. BERG, ESQ.
Nevada Bar No. 9670
marcus@mossberglv.com
BOYD B. MOSS, III, ESQ.
Nevada Bar No.8856
boyd@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
5420 W. Sahara Avenue, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEVERLY JEAN MOORE,<br><br>           Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Limited-Liability Company; DOE STORE EMPLOYEE; ROE CONTRACTOR; ROE MAINTENANCE COMPANY; ROE PROPERTY MANAGER; ROE PAINTING COMPANY; DOES II through X; and ROE CORPORATIONS IV through X, inclusive,<br><br>           Defendants. | **CASE NO. 2:23-cv-01901-GMN-NJK**<br><br><br>**AMENDED COMPLAINT** |

   Plaintiff, BEVERLY JEAN MOORE, by and through her attorneys, MARCUS A. BERG, ESQ., and JOHN C. FUNK, ESQ., of the law firm of MOSS BERG INJURY LAWYERS, and for her causes of action against Defendants, and each of them, hereby alleges as follows:

   1.     That at all times relevant to these proceedings, Plaintiff, BEVERLY JEAN

1

MOORE (hereinafter referred to as "Plaintiff"), was and is a resident of Clark County, Nevada.

2.Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter referred to as "Defendant SMITH'S"), was and is a Foreign Limited-Liability Company, organized and existing pursuant to the laws of the State of Nevada, and authorized to do and doing business in Clark County, Nevada, as Smith's located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147.

3.Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, DOE STORE EMPLOYEE was and is an unknown employee of Defendant, SMITH'S and is a resident of Clark County, Nevada, and was responsible for managing the subject property, including, but not limited to, inspecting and/or maintaining Defendants' premises located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147.

4.Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ROE MAINTENANCE COMPANY, was and is an unknown business entity, and was responsible for managing the subject property, including, but not limited to, inspecting, maintaining, and/or repairing Defendants' premises located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147.

5.Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ROE PROPERTY MANAGER, was and is an unknown business entity, and was responsible for managing the subject property, including, but not limited to, inspecting, maintaining, and/or repairing Defendants' premises located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147

6.Plaintiff is informed, believes, and thereon alleges that at all times relevant to

these proceedings, Defendant, ROE CONTRACTOR, was and is an unknown business entity, and was responsible for managing the subject property, including, but not limited to, inspecting, maintaining, and/or repairing Defendants' premises located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147

7. Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ROE PAINTING COMPANY, was and is an unknown business entity, and was responsible for managing the subject property, including, but not limited to, inspecting, maintaining, and/or repairing Defendants' premises located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147.

8. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES II through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on Defendant's premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES II through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

9. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as ROE CORPORATIONS IV through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as ROE CORPORATIONS

are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on Defendant's premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of ROE CORPORATIONS III through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

10. That on or about February 4, 2022, Plaintiff was a guest on Defendants' premises, located at 9350 W. Flamingo Road, Las Vegas, Nevada 89147, commonly known as Smith's Store.

11. Defendants, and each of them, carelessly and negligently created, owned, controlled, inspected, and/or maintained the premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on Defendant's premises, specifically, an improperly painted and negligently placed speed bump in the parking lot where Defendants were aware multiple people would be walking, which caused Plaintiff to trip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

12. Furthermore, Defendant's store manager directed Defendant, DOE STORE EMPLOYEE (female store clerk), who was assisting Plaintiff with her groceries and walking with Plaintiff to her car, and Plaintiff altered her walking path to avoid colliding with Defendant DOE STORE EMPLOYEE, and as a result Plaintiff tripped over the concealed speed bump and as a proximate result thereof, Plaintiff was seriously injured.

13. That as a direct and proximate result of Defendants' and/or their employee/agent's negligent acts and/or omissions and/or breach of duty, Defendants' forced Plaintiff to encounter a

dangerous condition by creating and/or allowing a trip hazard to exist on its premises, specifically, a speed bump where Defendant was aware people would be walking, on Defendants' premises, thereby causing Plaintiff to trip and fall.

14. Defendants, and each of them, carelessly and negligently failed to warn of a hazard with respect to its premises, thereby forcing Plaintiff to encounter a dangerous condition on Defendants' premises, resulting in Plaintiff sustaining serious injuries and damages.

15. Defendants have knowledge of previous trip and falls in the parking lot area and are aware that speed bumps create a trip hazard.

16. At that same time and place, Defendant, SMITH'S so carelessly and negligently created, owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on its premises by failing to report, remove, and/or fix the unnecessary and improperly placed speed bump in the parking lot in front of SMITH'S. Defendant, SMITH'S was aware customers would be walking, and knowing of the hazard, and allowed the hazard to exist and did not warn of the hazard or paint it to make it more visible, which caused the Plaintiff to trip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

17. At that same time and place, Defendant, DOE STORE EMPLOYEE so carelessly and negligently created, owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on its premises by failing to report, remove, and/or fix the unnecessary and improperly placed speed bump in the parking lot in front of  SMITH'S. Defendant, SMITH'S was aware customers would be walking, and knowing of the hazard, and allowed the hazard to exist and did not warn of the hazard or paint it to make it more visible, which caused the Plaintiff to trip and fall, and as a proximate result

1    thereof, Plaintiff was seriously injured.

2          18.    At that same time and place, Defendant, ROE MAINTENANCE COMPANY so carelessly and negligently created, owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on its premises by failing to report, remove, and/or fix the unnecessary and improperly placed speed bump in the parking lot in front of SMITH'S. Defendant, ROE MAINTENANCE COMPANY was aware customers would be walking, and knowing of the hazard, and allowed the hazard to exist and did not warn of the hazard or paint it to make it more visible, which caused the Plaintiff to trip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

      19.    At that same time and place, Defendant, ROE PROPERTY MANAGER so carelessly and negligently created, owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on its premises by failing to report, remove, and/or fix the unnecessary and improperly placed speed bump in the parking lot in front of SMITH'S. Defendant, ROE PROPERTY MANAGER was aware customers would be walking, and knowing of the hazard, and allowed the hazard to exist and did not warn of the hazard or paint it to make it more visible, which caused the Plaintiff to trip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

      20.    At that same time and place, Defendant, ROE CONTRACTOR so carelessly and negligently created, owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on its premises by failing to report, remove, and/or fix the unnecessary and improperly placed speed bump in the parking lot in front of SMITH'S. Defendant, ROE CONTRACTOR was aware customers would be walking, and knowing of the hazard, did not remove same, which caused the Plaintiff to trip and

fall, and as a proximate result thereof, Plaintiff was seriously injured.

21. At that same time and place, Defendant, ROE PAINTING COMPANY so carelessly and negligently created, owned, controlled, inspected, and/or maintained its premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on its premises by failing to report, remove, and/or fix the unnecessary and improperly placed speed bump in the parking lot in front of SMITH'S. Defendant, ROE PAINTING COMPANY was aware customers would be walking, and knowing of the hazard, failed to fix it, which caused the Plaintiff to trip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

22. All of the injuries to Plaintiff were caused solely by and as a direct result of the carelessness and negligence of Defendants.

23. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered a fractured right hip and femur, requiring surgery, among other injuries, all or some of which conditions may be permanent or disabling in nature, causing general damages in an amount to be determined at trial.

24. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees, interest, and costs.

25. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto in an amount to be determined.

26. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses, including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

27. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy, and limitations associated with her injuries into the foreseeable future.

28. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff continues to suffer and will be forced to suffer in the future a significant deterioration in her enjoyment of life and lifestyle.

29. That Plaintiff has been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein, as well as prejudgment interest.

WHEREFORE, Plaintiff, expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;
3. Reasonable attorney's fees and costs of suit incurred herein; and

4.  For such other and further relief as the Court may deem proper in the premises.

DATED this __11th____ day of April 10, 2024.

                          MOSS BERG INJURY LAWYERS

                          /s/ **Marcus Berg**
By:  _____
MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
5420 W. Sahara Avenue, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*